IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PATRICK D. CUMMINS,<br>PLAINTIFF,<br>V.<br>UNITED STATES DEPARTMENT OF DEFENSE;<br>UNITED STATES DEPARTMENT OF THE NAVY;<br>UNITED STATES MARINE CORPS; AND<br>UNITED STATES CENTRAL COMMAND,<br>DEFENDANTS. | CIVIL ACTION NO. 2:26-CV-1143<br>JUDGE EDMUND A. SARGUS<br>MAGISTRATE JUDGE CHELSEY M. VASCURA |

**Plaintiff Patrick D. Cummins's Objection to the Order Granting Defendants' Second Motion for Extension of Time**

Under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), Plaintiff Patrick D. Cummins objects to the Order entered November 16, 2026, which granted Defendants' Second Motion for Extension of Time (ECF No. 8) and reset every Defendant's response deadline to December 9, 2026. The Motion was filed on Friday, November 13, and stated on its first page that Plaintiff opposed it. It was granted the next business day, before Plaintiff's opposition was filed. Plaintiff asks the Court to consider that opposition now and to modify the Order.

**I. Background**

This is an action under the Freedom of Information Act, 5 U.S.C. § 552, arising from three requests that Defendants did not answer within the statutory time limits. (Compl., ECF No. 1 at PageID 2.) Defendants' response to the Complaint was originally due October 19, 2026. On October 9, 2026, Defendants moved for thirty more days so the agencies could "conduct their searches, . . . review the results of those searches, and

potentially . . . release any responsive documents." (ECF No. 5 at PageID 196.) Plaintiff did not oppose, and the deadline was extended to November 18, 2026.

On November 12, 2026, Defendants' counsel wrote to Plaintiff that he intended to seek a second extension of twenty-one days. He explained that Central Command "is continuing to process your FOIA request," that "its response is nearly complete," and that the extension "will allow additional time to finalize and send that response." (Ex. A.) Plaintiff answered the same day: "We will oppose the extension." (*Id.*)

Defendants filed the Motion on November 13, 2026. It reports that the Marine Corps sent Plaintiff a letter on October 7, 2026, stating that his request was "not perfected"; that the Navy released documents on October 19, 2026; and that Central Command "anticipates responding to Plaintiff's request in the coming weeks." (ECF No. 8 at PageID 204.) No declaration accompanied it. On November 16, 2026, the Motion was granted and the deadlines were reset.

**II. Standard of Review**

A district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Factual findings are reviewed for clear error; legal conclusions are reviewed under the "contrary to law" standard, as to which the Court exercises its independent judgment. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

## III. Argument

**A. The Order does not apply the standard FOIA sets for this deadline.**

The deadline at issue is statutory. "Notwithstanding any other provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs for good cause shown." 5 U.S.C. § 552(a)(4)(C). Congress cut the Government's ordinary sixty-day response period in half for FOIA cases. *See* Fed. R. Civ. P. 12(a)(2). Good cause under Rule 6(b)(1)(A) must be measured against that choice. With the Order, Defendants will have had eighty-one days.

On the same posture, another court refused. In *Knight Publishing Co. v. U.S. Department of Justice*, the defendant had received one extension of its FOIA answer deadline and sought a second. The court held: "As the Defendant has now had approximately three months with respect to a one month statutory deadline, the Court is of the opinion that a further extension is not warranted," and ordered an answer within ten days. 608 F. Supp. 747, 751 (W.D.N.C. 1984).

The Motion also was not, in substance, a request for time to prepare a pleading. Counsel's own explanation was that the time would let Central Command "finalize and send" its administrative response. (Ex. A.) That is a request to hold the case in place while an agency processes a request, and FOIA says when a court may do that: "If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow

the agency additional time to complete its review of the records." 5 U.S.C. § 552(a)(6)(C)(i); *see also Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976). Defendants made no such showing and did not try to. Granting the same relief under Rule 6(b), with no declaration and no findings, is contrary to that provision.

**B. The record does not show good cause.**

Requests for more time made before a deadline expires are often granted "in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quotation omitted). Even under that approach, cause must be shown, and the Motion does not show it.

First, the Motion repeats the reason given for the first extension, that the agencies need time to process, and does not explain why the thirty days already granted were not enough. Second, its own chronology shows little activity during that extension. The Marine Corps letter predates the first motion and released nothing. The Navy's release occurred on October 19, the original deadline. The Motion identifies nothing that any Defendant did between October 19 and November 13. Third, the only forward-looking justification concerns one Defendant. Nothing in the Motion explains why the Department of Defense, the Navy, or the Marine Corps, each of which has by Defendants' account already acted, needs three more weeks to respond to the Complaint. Fourth, if Central Command's response was "nearly complete" on November 12 (Ex. A), that does not support a further twenty-one days, and the Motion's statement to the Court was more guarded still: Central Command

"anticipates" responding "in the coming weeks." (ECF No. 8 at PageID 204.) Neither statement is sworn, and neither names a date.

**C. The Order was entered before Plaintiff could be heard, and the delay prejudices him.**

Plaintiff recognizes that Rule 6(b)(1)(A) permits a court to act on a timely extension request without awaiting a response. But this Motion was opposed on its face, concerned a deadline fixed by statute, and was decided one business day after filing. Plaintiff's twenty-one days to respond under S.D. Ohio Civ. R. 7.2(a)(2) had only begun. Plaintiff had prepared an opposition and asks the Court to consider its substance through this Objection.

The prejudice is the delay itself. "[S]tale information is of little value yet more costly than fresh information ought to be." *Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988). Plaintiff's requests were overdue when he filed suit. Each additional week in which Defendants are excused from responding is a week in which no declaration is filed, no schedule is set, and the adequacy of the agencies' responses goes unreviewed.

**D. The Order allows Defendants to keep processing the requests outside this case instead of responding in it.**

Since this case was filed, Defendants have not answered, filed a declaration, or proposed a schedule. Agency components have instead written to Plaintiff directly and released records on their own timetable, and Defendants cite that activity as the reason

they need not yet respond. The Motion even faults Plaintiff because he "has not responded to the USMC." (ECF No. 8 at PageID 204.)

FOIA does not work that way once suit is filed. The Court "shall determine the matter de novo," and "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B). "[O]nce a FOIA suit is properly initiated based on constructive exhaustion, an agency's post-lawsuit response does not require dismissal for failure to exhaust." *Corbett v. Transp. Sec. Admin.*, 116 F.4th 1024, 1031 (9th Cir. 2024); *accord Pollack v. Dep't of Justice*, 49 F.3d 115, 119 (4th Cir. 1995) (agency activity on a request while the enforcement action is pending does not require the requester to return to the administrative process). The Marine Corps letter is an adverse determination, and the Navy's release does not satisfy the request to which it responds. Whether those responses are adequate is for the Court to decide on a record. That cannot happen until Defendants respond to the Complaint. "[U]nreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent these abuses." *Long v. IRS*, 693 F.2d 907, 910 (9th Cir. 1982).

Plaintiff does not object to Defendants continuing to process his requests. He objects to their doing so in place of responding. Defendants can do both.

## IV. Relief Requested

Because the original November 18 deadline will have passed before this Objection is resolved, Plaintiff does not ask the Court to restore it. He asks the Court to modify the Order to provide that: (1) Defendants shall answer or otherwise respond to the Complaint by December 9, 2026, or within seven days of the Court's ruling on this

Objection, whichever is earlier; (2) Defendants shall file with their response a declaration stating the status of each of the three requests and the date by which Central Command will issue its determination; and (3) no further extension of Defendants' response deadline will be granted absent the showing required by 5 U.S.C. § 552(a)(6)(C).

Dated: November 16, 2026.

/s/Patrick D. Cummins
Patrick D. Cummins (Ohio Bar No. 0105801)
DEAN CUMMINS LAW FIRM
470 W Broad St. #22
Columbus, Ohio 43215
Telephone: (502) 445-9880
Patrick@CumminsIP.com

Plaintiff, pro se

**Certificate of Service**

On November 16, 2026, I electronically filed the foregoing, together with the Declaration of Patrick D. Cummins and Exhibit A, with the Clerk of Court using the CM/ECF system, which will send notice of this filing to all counsel of record.

/s/Patrick D. Cummins
Patrick D. Cummins